# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00277-REB-NYW

PATRICK G. HARTLEY,

    Plaintiff,

v.

WALKER G. HARMAN, JR.,
THE HARMAN FIRM, P.C.,

    Defendants.

## ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff's Request for Entry of Default [#29, filed Mar. 29, 2016], which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated March 25, 2016 [#26], and the Memorandum dated March 31, 2016 [#33].

On February 5, 2016, Plaintiff Patrick G. Hartley ("Plaintiff" or "Mr. Hartley") filed this action *pro se*, alleging that Defendants Walker G. Harman, Jr. and the Harman Firm, P.C. (collectively, "Defendants" or "Harman") engaged in fraud in the inducement; negligence; breach of fiduciary duty; breach of contract; and fraud arising from Defendants' purported misconduct associated with their former legal representation of Mr. Hartley. [#1]. On March 7, 2016, Mr. Hartley filed Returns of Service for both Defendants that indicated that Defendants were served on February 25, 2016. [#5, #6]. When Defendants did not answer or otherwise

respond by March 17, 2016, Plaintiff filed a Motion for Default Judgment on March 18, 2016, without first requesting an entry of default from the Clerk of the Court. [#9]. In light of Plaintiff's Motion for Default Judgment, this court vacated the previously set Scheduling Conference. [#10].

That same day, on March 18, counsel attempted to enter an appearance on behalf of Defendants, without filing an answer or otherwise responding. [#11]. The entry of appearance stated that counsel was entering his appearance on behalf of Plaintiff. [*Id.*]. Defendants also filed a "Notice To The Court Re Minute Order Dated March 18, 2016 And To Request A Briefing Schedule For Defendants' Contemplated Motions." [#12]. In that Notice, Defendants indicated that the Harman Law Firm, P.C. was no longer in existence and Walker G. Harman, Jr. had not been properly served. [*Id.*]. Due to the inherent ambiguity reflected in the entry of appearance, this court struck the entry of appearance and set a Status Conference for March 23, 2016. [#14].

At the Status Conference, the court discussed Plaintiff's attempt to secure a default judgment against Defendants and indicated that Rule 55 of the Federal Rules of Civil Procedure contemplates that the Clerk of the Court must enter an entry of default prior to the entry of a default judgment. Fed. R. Civ. P. 55; *see State Resources Corp. v. Nature's Way Dairy LLC*, No. 10-cv-00576, 2010 WL 4510902, at *1 (Nov. 2, 2010). The court further indicated that due to appearance of counsel on behalf of Defendants, default did not appear appropriate at this time, and encouraged Plaintiff to withdraw his Motion for Default Judgment. [#23]. The court also discussed parties' obligation under the Federal Rules of Civil Procedure to waive service, and asked Defendants' counsel to inquire whether his clients would authorize him to accept service

2

on their behalf. [*Id.*]. The court then set a further deadline for the Parties to indicate whether they consented to the jurisdiction of a Magistrate Judge, and for Defendants' counsel to indicate whether he was authorized to accept service on their behalf. [*Id.*].

On March 28, 2016, Plaintiff filed a Motion to Withdraw his Motion for Default Judgment [#28], which this court granted on March 31, 2016. [#36]. On March 29, 2016, however, Plaintiff filed this instant Request for Entry of Default [#29]. The Clerk of the Court then entered default, then withdrew it based on the fact that "a responsive pleading has been filed." [#30]. However, a responsive pleading has not been filed. On March 31, 2016, Defendants filed an Opposition to Plaintiff's Motion for Entry of Default and, in the Alternative, to Inform the Court of Defendants' Intention to Formally Oppose the Instant Motion [#35]. This Order seeks to address the instant Request for Entry of Default, as well as clarify the court docket with respect to the issues of service.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). While no responsive pleading has been filed, this court finds that directing the Clerk of the Court to enter default in this case, after Defendants' counsel has entered an appearance and indicated that Defendants were willing to waive service pursuant to Rule 4(m)[1] of the Federal Rules of Civil Procedure, would simply unnecessarily multiply the proceedings in this case in contravention of Rule 1, which directs this court to interpret and apply the Federal Rules of Civil

---

[1] While Defendants cite Rule 4(m) of the Federal Rules of Civil Procedure as the rule governing waiver of service, it is Rule 4(d), not Rule 4(m), that provides for such waiver and sets forth the requirements for waiver of service.

Procedure in a manner to secure the just, speedy, and inexpensive adjudication of disputes. Indeed, Fed. R. Civ. P. 55(c) provides that a court may set aside an entry of default for good cause, and given Defendants' representations to date, it appears that an entry of default at this time is not appropriate.

As to Defendants' representation that they are willing to waive formal service, Rule 4(d) appears to be inapposite to this action, given its procedural posture. Plaintiff is not requesting that Defendants waive service, and the court inquired whether defense counsel could simply accept service on behalf of Defendants to proceed in a timely fashion. Defendants' counsel has indicated that he is authorized to accept service on behalf of Defendants. [#32]. Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Request for Entry of Default [#29] is **DENIED**;

(2) The Clerk of the Court is **DIRECTED** to correct [#30] to state "CLERK ERROR-DISREGARD. CLERK'S NOTE REGARDING DEFAULT: Default will not be entered as to Walker G. Harman, Jr, Harman Firm, P.C. pursuant to the court's order dated April 7, 2016" and reflect the docket number for the instant Order;

(3) Plaintiff's Summons and Complaint is **DEEMED SERVED** as of the entry of this Order;

(4) Given the undisputed fact that Defendants have been aware of the Summons and Complaint since February 25, 2016, Defendants will **ANSWER OR OTHERWISE RESPOND** to the Complaint within fourteen (14) days of this Order; and

(5) A Scheduling Conference will be set in a separate order to follow.

DATED: April 7, 2016                    BY THE COURT:

                                        s/ Nina Y. Wang
                                        United States Magistrate Judge